IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>v.<br><br>JAMIE AINSWORTH,<br><br>　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO REDUCE SENTENCE<br><br>Case No. 2:18-cr-00209-JNP<br><br>District Judge Jill N. Parrish |

Before the court is Jamie Ainsworth's motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 61. Ainsworth asserts that she is particularly vulnerable to COVID-19 and argues that the current pandemic constitutes an extraordinary and compelling reason to reduce her 42-month prison sentence to a sentence of time served. The motion is DENIED.

**LEGAL STANDARD**

A district court may reduce a sentence if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Congress has authorized the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). But Congress mandated that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.*

The Sentencing Commission's current policy statement on this issue lists four categories of extraordinary and compelling reasons for a sentence reduction: "(A) Medical Condition of the Defendant," "(B) Age of the Defendant," "(C) Family Circumstances," and "(D) Other Reasons . . . [a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13, cmt. 1. In addition to satisfying one of these conditions, the court must determine that the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

Ainsworth argues, however, that this court is not bound by the current version of the Sentencing Commission's policy statement. She relies upon a number of recent district court rulings, which reason that when Congress enacted the First Step Act in late 2018, it effectively eliminated the need for courts to square a sentence reduction with the Sentencing Commission's policy statement. *See United States v. Redd*, No. 1:97-CR-00006-AJT, 2020 WL 1248493 (E.D. Va. Mar. 16, 2020); *United States v. Maumau*, No. 2:08-cr-00758-TC-11, 2020 WL 806121 (D. Utah Feb. 18, 2020); *United States v. Urkevich*, No. 8:03CR37, 2019 WL 6037391 (D. Neb. Nov. 14, 2019); *United States v. Bucci*, 409 F. Supp. 3d 1 (D. Mass. 2019); *United States v. Beck*, 425 F. Supp. 3d 573 (M.D.N.C. 2019); *United States v. Cantu*, 423 F. Supp. 3d 345, 352 (S.D. Tex. 2019).

## ANALYSIS

In evaluating Ainsworth's motion to reduce her sentence, the court first determines whether its ruling must be consistent with the existing Sentencing Commission policy statement. Because the court decides that it is bound by the policy statement, the court then applies this standard to Ainsworth's motion for early release.

# I.     INTERPRETATION OF § 3582(c)(1)(A)

## A.     *The History of § 3582(c)(1)(A) and § 1B1.13*

Congress first enacted the sentence reduction provision found in 18 U.S.C. § 3582(c)(1)(A) as part of the Comprehensive Crime Control Act of 1984 (CCCA). *United States v. Young*, No. 2:00-CR-00002-1, 2020 WL 1047815, at *3 (M.D. Tenn. Mar. 4, 2020). The original version of this provision read:

> [T]he court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A) (1985); Pub. L. No. 98–473, 98 Stat 1837 (1984). In the CCCA, Congress also enacted language authorizing the Sentencing Commission to promulgate "general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18." 28 U.S.C. § 994(s) (1985); Pub. L. No. 98–473, 98 Stat 1837 (1984).

The Sentencing Commission subsequently issued a policy statement outlining the "extraordinary and compelling reasons" that may justify a sentence reduction. The last time this policy statement was amended was November 1, 2018. The current version of the policy statement permits four categories of extraordinary reasons for a sentence reduction: (1) the medical condition of the defendant, (2) age of the defendant, (3) family circumstances, and (4) other reasons as determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13, cmt. 1.

In December 2018, Congress enacted the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat 5194 (2018). This Act made one relevant change to the sentence reduction provision of § 3582(c)(1)(A). Prior to the First Step Act, only the Director of the Bureau of Prisons could file

a motion for a sentence reduction on behalf of a prisoner. After passage of the Act, if certain conditions were met, a prisoner could directly file with the court a motion for a sentence reduction. The current version of the statute now reads: "[T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . ." 18 U.S.C. § 3582(c)(1)(A). The First Step Act, however, did not alter the requirement that a court find that a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission" before granting the reduction. *Id.*

Based upon the First Step Act's amendment permitting prisoners to directly move for a sentence reduction, some district courts have ruled that courts no longer need to find that a sentence reduction is consistent with the Sentencing Commission's policy statement before granting a reduction. These district courts have advanced two types of analyses for this result: a textual analysis and an extratextual analysis.

B.    *Textual Analysis*

Under the language of § 3582(c)(1)(A), courts must find that a sentence reduction "is consistent with *applicable* policy statements issued by the Sentencing Commission." (Emphasis added). Some district courts have reasoned that because the First Step Act created a new avenue for prisoners to directly petition the court for a sentence reduction, the current version of U.S.S.G. § 1B1.13 is no longer an "applicable" policy statement. *See United States v. Redd*, No. 1:97-CR-00006-AJT, 2020 WL 1248493, at *6 (E.D. Va. Mar. 16, 2020); *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). These courts contend that the provision of U.S.S.G.

4

§ 1B1.13 that gives the Director of the Bureau of Prisons broad authority to determine that "other reasons" justify a sentence reduction "is, in substance, part and parcel of the eliminated requirement that relief must be sought by the BOP Director in the first instance." *Redd*, 2020 WL 1248493, at *7. Because this catch-all provision applies only to the BOP Director, the argument goes, the current version of the policy statement is out of step with § 3582(c)(1)(A) since prisoners can now bypass the BOP and directly petition the court for a sentence reduction. Thus, the current policy statement is not "applicable." And in the absence of an applicable policy statement, some district courts have reasoned that they are not bound by the statutory requirement that they find that a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission."

The court respectfully disagrees with this analysis. Congress directed the Sentencing Commission to promulgate "general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, [that] describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Sentencing Commission fulfilled this mandate by issuing U.S.S.G. § 1B1.13. *See id.* ("This policy statement implements 28 U.S.C. § 994(a)(2) and (t)."). Although the First Step Act altered the *procedure* for requesting a sentence reduction, the Act did not make any changes to the *standard* for granting a sentence reduction, which is the focus of § 1B1.13. Because the current policy statement fulfills Congress's charge to elaborate standards for determining what constitutes extraordinary and compelling reasons for a sentence reduction, the procedural change made by the First Step Act did not make § 1B1.13 so irrelevant as to render this policy statement inapplicable to the § 3582(c)(1)(A) analysis.

Accordingly, the court concludes that § 1B1.13 is the applicable policy statement issued by the Sentencing Commission. The plain language of § 3582(c)(1)(A) requires the court to find that any sentence reduction "is consistent with" this policy statement.[1]

C.      Extratextual Analysis

At least one district court has ruled that even if the current version of U.S.S.G. § 1B1.13 is an applicable policy statement, the language of the policy statement should not be applied as written. *See Redd*, 2020 WL 1248493, at *6–*7 ("Second, even were U.S.S.G. § 1B1.13 the applicable policy statement for the purpose of satisfying the consistency requirement, the Government's position [that a sentence reduction must be consistent with the current policy statement] fails to recognize and accommodate the effect the legislative amendments under the First Step Act have necessarily had on U.S.S.G. § 1B1.13."). This argument is similar to the textual argument. Courts have reasoned that § 1B1.13 is out of step with § 3582(c)(1)(A) because the current policy statement does not take into account a prisoner's new right to directly petition the court for a sentence reduction. *Id.* at *7–*8. In particular, some district courts have ruled that permitting only the Director of the Bureau of Prisons to articulate "other reasons" for a sentence reduction is incongruous with a prisoner's direct petition rights established by the First Step Act. *Id.*; *United States v. Urkevich*, No. 8:03CR37, 2019 WL 6037391, at *3 (D. Neb. Nov. 14, 2019).

But courts are bound by the plain language of both § 3582(c)(1)(A) and § 1B1.13. "It is well established that 'when the statute's language is plain, the sole function of the courts—at least

---

[1] Because the court concludes that the mandate that a sentencing reduction be "consistent with applicable policy statements issued by the Sentencing Commission" is not ambiguous, the rule of lenity does not apply here. *See United States v. Santos*, 553 U.S. 507, 514 (2008) ("The rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them.").

where the disposition required by the text is not absurd—is to enforce it according to its terms.' " *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004) (citation omitted). The plain language of § 3582(c)(1)(A) requires courts to find that a sentence reduction conforms with the Sentencing Commission's policy statements. Because Congress has delegated the power to issue policy statements to the Sentencing Commission, *see* 28 U.S.C. § 994(t), it is up to the commission, not the courts, to make any changes to the policy statement, *see United States v. Baye*, No. 3:12-CR-00115-RCJ, 2020 WL 2857500, at *9 (D. Nev. June 2, 2020); *United States v. Strain*, No. 3:97-CR-00004-TMB, 2020 WL 1977114, at *4 (D. Alaska Apr. 24, 2020) ("Nothing in the First Step Act nullifies, amends, or expressly contradicts the definition of 'extraordinary and compelling reasons' provided by U.S.S.G. § 1B1.13."); *United States v. Lynn*, No. CR 89-0072-WS, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 13, 2019) ("If the policy statement needs tweaking in light of [the First Step Act], that tweaking must be accomplished by the Commission, not by the courts.").

The court may disregard the statutory requirement to follow the Sentencing Commission's policy statements only if this provision is absurd. "[W]here a plain language interpretation of a statute would lead to an absurd outcome which Congress clearly could not have intended, [courts] employ the absurdity exception to avoid the absurd result." *In re McGough*, 737 F.3d 1268, 1276 (10th Cir. 2013). But courts may apply this doctrine "only when it would have been unthinkable for Congress to have intended the result commanded by the words of the statute—that is, when the result would be 'so bizarre that Congress could not have intended it.' " *Robbins v. Chronister*, 435 F.3d 1238, 1241 (10th Cir. 2006) (en banc).

The plain language of § 994(t), which authorizes the Sentencing Commission to determine the standards for determining what constitutes "extraordinary and compelling reasons" for a

sentence reduction, and the language of § 3582(c)(1)(A), which requires district courts to follow the commission's policy statements, is not absurd. Congress plainly chose to delegate to the Sentencing Commission the task of creating standards for reducing an inmate's sentence. Moreover, the language of § 1B1.13 that permits only the Director of the Bureau of Prisons to decide whether "other reasons" justify a sentence reduction is not absurd in light of the 2018 amendment to § 3582(c)(1)(A), which allowed prisoners to directly move for a sentence reduction. There is nothing inherently irrational about allowing the Bureau of Prisons to determine whether "other reasons" justify a sentence reduction while permitting prisoners to directly petition a court for a sentence reduction.

Accordingly, the court concludes that the absurdity doctrine does not justify a deviation from the result required by the plain language of § 3582(c)(1)(A) and § 1B1.13. Congress was aware of the Sentencing Commission's policy statement when it amended § 3582(c)(1)(A). If it had believed that the result required by the language of the amended statute and the policy statement was unacceptable, it could have worded the statute differently. The absurdity doctrine cannot be used to disregard statutory language where the effect of the language is entirely predictable.[2] Thus, the court respectfully disagrees with the district courts that have ruled that the amendments made by the First Step Act justify deviation from the statutory requirement that a court find that a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

---

[2] Indeed, this doctrine does not permit a court to deviate form the plain language of a statute when the result may not have been predicted by Congress. *McGough*, 737 F.3d at 1277 ("[W]e cannot reject the plain meaning of statutory language just because Congress may not have anticipated the result compelled by that language in a particular case." (citation omitted)).

## II.      APPLICATION OF § 1B1.13

Ainsworth requests a reduction of her sentence due to the current COVID-19 pandemic. She asserts that she has a medical condition that makes her more susceptible to the virus and that the cramped conditions of her prison facility create a higher risk of contracting the disease. Ainsworth does not specify which of the four categories of extraordinary and compelling reasons listed in U.S.S.G. § 1B1.13 she relies upon. But the only plausible category is the medical condition of the defendant.

There are two ways that a defendant can qualify for a medical condition reduction. First, the defendant can show that he or she "is suffering from a terminal illness." *Id.* § 1B1.13, cmt. 1. Second, an extraordinary and compelling reason exists if the defendant "is suffering from a serious physical or medical condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

An enhanced risk of infection with the COVID-19 virus does not satisfy either of the requirements articulated by the Sentencing Commission. Ainsworth is not currently "suffering from a terminal illness." *Id.* Nor is she presently "suffering from a serious physical or medical condition . . . that substantially diminishes [her] ability . . . to provide self-care within the environment of a correctional facility and from which [she] . . . is not expected to recover." *Id.* The language of the policy statement requires an existing serious medical condition from which Ainsworth is not expected to recover. The danger of contracting a serious disease in the future does not satisfy the conditions adopted by the Sentencing Commission. Thus, the reduced sentence

requested by Ainsworth is not "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

## CONCLUSION

The court is bound by  18 U.S.C. § 3582(c)(1)(A), which requires it to find that a requested sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission" before granting a sentence reduction. Because Ainsworth's requested sentence reduction is not consistent with the applicable policy statement, the court DENIES her motion.

DATED September 22, 2020.

BY THE COURT

Jill N. Parrish
United States District Court Judge

10